UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-4276 PA (RAOx) | Date | June 5, 2023 |
|---|---|---|---|
| Title | Jeffrey Cheung v. 1541 Wilcox Holdings LLC et al | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before this Court is a Complaint filed by plaintiff Jeffrey Cheung ("Plaintiff") on June 1, 2023. Plaintiff alleges that this Court possesses subject matter jurisdiction based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal Rule of Civil Procedure 8(a) states that "[a] pleading that sets forth a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." Local Civil Rule 8-1. Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391, 395 (1994); see also Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986).

In seeking to invoke this Court's jurisdiction, a plaintiff bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants and for the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989). Finally, the citizenship of a partnership or other unincorporated entity is the citizenship

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-4276 PA (RAOx) | Date | June 5, 2023 |
|---|---|---|---|
| Title | Jeffrey Cheung v. 1541 Wilcox Holdings LLC et al | | |

of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Id. at 857.

    Here, the Complaint fails to properly allege the citizenship of plaintiff Jeffrey Cheung and defendants 1541 Wilcox Holdings LLC and 6516 Tommie Hotel LLC.  Specifically, the Complaint alleges that Plaintiff is "an individual residing in Hong Kong, Peoples Republic of China."  (Compl. ¶ 1.)  The Complaint also alleges that defendant 1541 Wilcox Holdings LLC "is an active Delaware LLC, qualified to do business in California with its' principal offices in Los Angeles, California" and that defendant 6516 Tommie Hotel LLC "is an active California LLC with principal offices in Los Angeles, California."  (Id. ¶¶ 3, 5.)  Because the Complaint alleges only where Plaintiff resides, and does not identify the members of 1541 Wilcox Holdings LLC or 6516 Tommie Hotel LLC or their citizenship, the Complaint does not adequately allege the citizenship of any of those parties.  See Kanter, 265 F.3d at 857 ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").  For this reason, Plaintiff has failed to adequately establish the citizenship of himself or defendants and, as a result, has failed to meet its burden to establish the Court's diversity jurisdiction.

    For these reasons, the Court finds that Plaintiff has not established complete diversity of citizenship between the parties.  Accordingly, the Court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction.  A district court may, and should, grant leave to amend when it appears that subject matter jurisdiction may exist, even though the complaint inadequately alleges jurisdiction.  See 28 U.S.C. § 1653; Trentacosta v. Frontier Pacific Aircraft Industries, Inc., 813 F.2d 1553, 1555 (9th Cir. 1987).  Therefore, the Court grants Plaintiff leave to amend the Complaint to attempt to adequately allege federal subject matter jurisdiction.  Plaintiff's First Amended Complaint, if any, shall be filed by no later than June 19, 2023.  Failure to file a First Amended Complaint by that date may, without further warning, result in the dismissal of this action without prejudice.

    The Court additionally notes that the engagement agreement between the parties that forms the basis for Plaintiff's claims against defendants contains a choice of law and forum selection clause selecting New York law and establishing that:

> This Agreement shall be governed by, construed in accordance with and enforced under the internal laws of the State of New York.  The venue for any legal proceedings in connection with this Agreement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-4276 PA (RAOx) | Date | June 5, 2023 |
|---|---|---|---|
| Title | Jeffrey Cheung v. 1541 Wilcox Holdings LLC et al | | |

shall be in the federal or state courts located in the City of New York, State of New York.

(Compl., Ex. A, § 13.)  The Court therefore orders Plaintiff to show cause in writing why this action should not be dismissed for improper venue or transferred to the United States District Court for the Southern District of New York, as a result of the forum selection clause contained in the engagement agreement.  If Plaintiff filed a First Amended Complaint, Plaintiff's response to the Order to Show Cause shall be filed by no later than June 19, 2023.  If Plaintiff elects not to file a First Amended Complaint by that date, Plaintiff need not file a Response to the Order to Show Cause and the Court will dismiss this action without prejudice to it being re-filed by Plaintiff in an appropriate alternative forum.

IT IS SO ORDERED.