# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-4276 PA (RAOx) | Date | June 20, 2023 |
|---|---|---|---|
| Title | Jeffrey Cheung v. 1541 Wilcox Holdings LLC et al | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

     On June 1, 2023, plaintiff Jeffrey Cheung ("Plaintiff") initiated this action.  The Complaint alleges that the Court possesses subject matter jurisdiction based on the Court's diversity jurisdiction.  See 28 U.S.C. § 1332.  On June 5, 2023, this Court issued an Order that discussed how the Complaint's allegations of citizenship are deficient and dismissed Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction.  (Docket No. 9.)  Recognizing that a district court may, and should, grant leave to amend when it appears that subject matter jurisdiction may exist, the Court provided Plaintiff until June 19, 2023 to file a First Amended Complaint that adequately alleged federal subject matter jurisdiction.  The Court also noted that the engagement agreement between the parties that formed the basis for Plaintiff's claims contained a choice of law and forum selection clause selecting New York.  The Court ordered Plaintiff to show cause in writing by June 19, 2023 why the action should not be dismissed for improper venue or transferred to the United States District Court for the Southern District of New York as a result of the forum selection clause.  The Order warned that "[i]f Plaintiff elects not to file a First Amended Complaint by that date, Plaintiff need not file a Response to the Order to Show Cause and the Court will dismiss this action without prejudice to it being re-filed by Plaintiff in an appropriate alternative forum."  As of today's date, Plaintiff has not filed a First Amended Complaint or a response to this Court's Order to Show Cause.

     Despite having been given an opportunity to do so, and an explanation of the requirements for the Court's subject matter jurisdiction, and having been warned of the consequence of failing to file a Complaint that adequately alleges a basis for the Court's subject matter jurisdiction, Plaintiff has failed to comply with the Court's orders or to establish the Court's subject matter jurisdiction over this action.  Plaintiff has failed to allege or establish the citizenship of any of the parties for jurisdictional purposes or to otherwise allege a basis for the Court's subject matter jurisdiction.  The Court therefore dismisses this action for lack of subject matter jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-4276 PA (RAOx) | Date | June 20, 2023 |
|---|---|---|---|
| Title | Jeffrey Cheung v. 1541 Wilcox Holdings LLC et al | | |

Grounds also exist to dismiss this action for failure to comply with a court order. It is well established that a district court may dismiss an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629–30; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987–88.

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citation omitted) (first citing Malone v. U.S. Postal Serv., 833 F.2d 128, 133 & n.2 (9th Cir. 1987); and then quoting Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor. Id.

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 (public's interest in expeditious resolution of litigation always favors dismissal)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. See id.

The third Henderson factor at least marginally favors dismissal. Defendants may be prejudiced if the complaint is not dismissed. See Yourish, 191 F.3d at 991; Pagtalunan, 291 F.3d at 642–43 (stating that "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale"); see also Anderson v. Air W., Inc., 542 F.2d 522, 525 (9th Cir. 1976) ("Delay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations.").

In considering the fourth and fifth Henderson factors, the Court notes that Plaintiff was warned about the consequence of failing to file a response by the date set by the Court. Nevertheless, Plaintiff elected not to file a First Amended Complaint or a response. Moreover,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-4276 PA (RAOx) | Date | June 20, 2023 |
|---|---|---|---|
| Title | Jeffrey Cheung v. 1541 Wilcox Holdings LLC et al | | |

because the Court intends to dismiss the action without prejudice, the fifth Henderson factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice); see also Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Thus, the Henderson factors justify dismissing this action for failure to diligently prosecute.

    For all of the foregoing reasons, the Court dismisses this action without prejudice both for lack of subject matter jurisdiction and for failure to comply with the Court's Orders. See Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260. The Court will issue a Judgment consistent with this Order.

    IT IS SO ORDERED.